IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARLENE ORTIZ, Administratrix of the Estate of AMY LORRAINE JOYCE, Deceased,** : <br> : <br> : <br> **Plaintiff** : <br> : <br> **v.** : <br> : <br> **PORTE REVE TRANSPORTATION, INC. AND ROBERT D. MORRIS,** : <br> : <br> **Defendants** : | Civil No. 1:15-CV-0958 <br><br><br><br> Judge Sylvia H. Rambo |

## M E M O R A N D U M

In this wrongful death action, Plaintiff brings claims on behalf of the estate of her deceased daughter arising out of an automobile accident with a tractor trailer that resulted in her daughter's death. Plaintiff alleges that the driver of the tractor trailer was negligent and reckless in operating the tractor trailer, and that the driver's employer was negligent and reckless in both failing to properly train the driver as well as allowing an untrained driver to operate a tractor trailer it owned. Presently before the court is Defendants' motion to strike references to "grossly reckless conduct" and dismiss Plaintiff's claims for punitive damages from the complaint. (Doc. 5.) For the reasons stated herein, the motion will be granted in part and denied in part.

**I.      Background**

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Thus, for purposes of the motion

*sub judice*, the court only considers the allegations contained in the complaint (Doc. 3-2), and will accept as true all well-pleaded factual allegations contained therein.[1] *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

### A. Facts

In the early morning hours of June 9, 2013, Plaintiff's daughter, Amy Lorraine Joyce ("Joyce"), was driving southbound on Interstate-81 within the Middle District of Pennsylvania. (Doc. 3-2, ¶ 10.) Defendant Robert D. Morris ("Defendant Morris") was operating a tractor trailer at the direction of, and owned by, his employer, Defendant Port Reve Transportation, Inc. ("Defendant Port Reve" and, together with Defendant Morris, "Defendants"). (*Id.* ¶¶ 7-9.) At approximately 3:35 a.m., Defendant Morris caused the tractor trailer to collide with Joyce's vehicle, forcing the vehicle off of the road and up an embankment. (*Id.* ¶ 13.) The collision caused fatal injuries to Joyce, who died the same day. (*Id.* ¶¶ 2, 16.)

### B. Procedural History

Joyce's mother, Darlene Ortiz ("Plaintiff"), initiated this action by filing a complaint in the Court of Common Pleas of Luzerne County, Pennsylvania on April 17, 2015, pursuant to Pennsylvania's Wrongful Death Act, 42 Pa. Cons. Stat. § 8301, and Survival Statute, 42 Pa. Cons. Stat. § 8302. (Doc. 3-2.) In her complaint, Plaintiff claims that Defendants' negligent and reckless conduct wrongfully caused her daughter's death. (*Id.*, ¶ 16.) Defendants removed the case to the Middle District of Pennsylvania on May 15, 2015 (Doc. 1), and filed the instant motion to

---

[1] In her brief in opposition to the instant motion, Plaintiff includes new facts that were not included in the complaint. (Doc. 9, pp. 12-13 of 14.) The court cannot, and does not, consider these facts in its determination of the instant motion. *Burlington*, 114 F.3d at 1426.

dismiss and strike the claims for punitive damages, as well as a brief in support thereof, on May 18, 2015 (Docs. 5 & 6).

Plaintiff filed its opposition on June 11, 2015 (Doc. 9),[2] and Defendants filed a reply on June 23, 2015 (Doc. 10). Thus, this matter has been fully briefed and is ripe for consideration.

## II.  **Legal Standard**

Defendants' motion challenges Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a), which requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S 41, 47 (1957)). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Thus, when adjudicating a motion to dismiss for failure to state a claim, the court must view all of the allegations and facts in the complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable

---

[2] Plaintiff's opposition was originally due on June 8, 2015. On June 9, 2015, the court issued a rule to show cause as to why the opposition had not been timely filed. (Doc. 8.) Plaintiff provided a satisfactory explanation for the brief delay, and filed its opposition two days later, on June 11, 2015. Defendants have not argued that they were prejudiced in any way by the delay, and, therefore, the court will treat Plaintiff's opposition as timely.

inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *See Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (stating that district courts "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions").

Ultimately, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Iqbal*, 556 U.S. at 679; *see also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The "plausibility standard" requires "more than a sheer possibility" that a defendant is liable for the alleged misconduct. *Reuben*, 500 F. App'x at 104 (citing *Iqbal*, 556 U.S. at 678). Rather, the complaint must show the plaintiff's entitlement to relief with its facts. *Steedley v. McBride*, 446 F. App'x 424, 425 (3d Cir. 2011) (citing *Fowler*, 578 F.3d at 211). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alterations in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

To evaluate whether allegations in a complaint survive a Rule 12(b)(6) motion, the district court must initially "tak[e] note of the elements a plaintiff must

plead to state a claim." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (alteration in original) (citation omitted).  Next, the court should identify allegations that "are no more than conclusions" and thus, "not entitled to the assumption of truth." *Id*.  Lastly, "where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id*.

A complaint "may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 588 n.8).  Rule 8 "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element[s]." *Id*. at 234 (quoting *Twombly*, 550 U.S. at 545).

Rule 12(f), on the other hand, allows a court to "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  While the court "posess[es] 'considerable discretion in disposing of a motion to strike under Rule 12(f),' such motions are 'not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" *Hanselman v. Olsen*, Civ. No. 4:05-cv-1834, 2006 WL 47655, *1 (M.D. Pa. Jan. 9, 2006) (citing *Krisa v. Equitable Life Assurance Soc.*, 109 F. Supp. 2d 316 (M.D. Pa. 2000)) (citations omitted).  In essence, the striking of a pleading under Rule 12(f) is "a drastic remedy to be resorted to only when required for the purpose of justice." *U.S. v. Consol. Coal Co.*, Civ No. 89-2124, 1991 WL

333694, *1 (W.D. Pa. July 5, 1991). As with a motion to dismiss, a motion to strike is "to be decided 'on the basis of the pleadings alone.'" *North Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 159 (E.D. Pa. 1994) (quoting *Total Containment, Inc. v. Environ Prods. Inc.*, Civ. No. 91-7911, 1992 WL 208981, *1 (E.D. Pa. Aug. 19, 1992)).

**III.** **Discussion**

As a federal court sitting in diversity, the court will apply the laws of the forum state. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). In Pennsylvania, "[w]rongful death and survival actions are not substantive causes of action; rather, they provide a vehicle through which plaintiffs can recover for unlawful conduct that results in death." *Williams v. City of Scranton*, Civ. No. 3:10-cv-388, 2013 WL 1339027, *13 n.7 (M.D. Pa. Apr. 1, 2013) (quoting *Sullivan v. Warminster Twp.*, 765 F. Supp. 2d 687, 707 (E.D. Pa. 2011)).

In this wrongful death and survival action, Plaintiff asserts that Defendants' negligent and reckless conduct resulted in her daughter's death and seeks both compensatory and punitive damages. (*See* Doc. 3-2, ¶ 16.) In the instant motion, Defendants argue that Plaintiff has failed to allege sufficient facts in her complaint to demonstrate grossly reckless conduct, and, therefore, the court should dismiss Plaintiff's claims for punitive damages and strike all references to "grossly reckless" conduct from the complaint. (Doc. 6, pp. 3-7 of 9.) In the alternative, Defendants contend that Plaintiff's claims for punitive damages sought pursuant to Pennsylvania's Wrongful Death Act should be dismissed as contrary to law. (*Id.* at pp. 7-8 of 9.) The court will address these arguments in turn.

### A.     **Allegations of "Grossly Reckless" Conduct and Requests for Punitive Damages**

Plaintiff's complaint avers that Defendants exhibited "grossly reckless" conduct and consequently seeks punitive damages. (*See* Doc. 3-2.) Defendants argue that the allegations set forth in the complaint fail to demonstrate that any conduct, acts, or omissions by Defendants rose to a level that could be considered grossly reckless, but rather merely demonstrate a claim for negligence. (Doc. 6, p. 6 of 8.) As such, Defendants move the court to dismiss Plaintiff's claims for punitive damages and to strike all references to "grossly reckless" conduct from the complaint.

As stated above, Rules 8(a) and 12(b)(6), in conjunction, impose on Plaintiff the burden to plead enough facts to create a reasonable expectation that discovery will reveal evidence of the elements of Plaintiff's claim. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 545). To support a claim for punitive damages, a plaintiff must show that "the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Hutchinson v. Luddy*, 870 A.2d 766, 770 (Pa. 2005). In Pennsylvania, reckless indifference is sufficient to support a claim for punitive damages, and occurs when an "'actor knows, or has reason to know, ... of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk.'" *Arias v. Decker Transp.*, Civ. No. 3:06-cv-638, 2008 WL 450435, *3 (M.D. Pa. Feb. 14, 2008) (quoting *SHV Coal v. Cont'l Grain Co.*, 587 A.2d 702, 704 (Pa. 1991) (citation omitted). Because the actor must appreciate the risk of harm to another, a showing of mere negligence, or even gross negligence, will

not suffice to support an award of punitive damages. *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005).

In her complaint, Plaintiff alleged that Defendant Morris drove the tractor trailer at an excess speed, failed to keep a lookout for hazards and other vehicles on the road, failed to adequately warn Joyce before colliding with her car, and that the unreasonableness of Defendant Morris's actions is exacerbated because they occurred at night. (Doc. 3-2, ¶ 20a-f.) Courts in this District have repeatedly held that a driver of a tractor trailer could be found to have consciously appreciated the risk he created by driving in the manner he did that caused a plaintiff's injuries. *See, e.g., Burke v. TransAm Trucking, Inc.*, 605 F. Supp. 2d 647, 652-53 (M.D. Pa. 2009); *Sabo v. Suarez*, Civ. No. 08-cv-1889, 2009 WL 2365969, *2-3 (M.D. Pa July 31, 2009); *Gregory v. Sewell*, Civ. No. 04-cv-2438, 2006 WL 2707405, *12-13 (M.D. Pa. Sept. 19, 2006). Likewise, here, the court finds these facts sufficient to allege that Defendant Morris operated the tractor trailer with a reckless indifference for the rights and safety of others. Although Defendants argue that these allegations support, at most, a claim for negligence, where the Plaintiff has pleaded sufficient facts to support a claim of recklessness, the motion to dismiss stage is not the appropriate time to differentiate between negligent and reckless conduct. As the court has previously held:

> [C]laims sounding in negligence can qualify for punitive damages if the conduct engaged in is outrageous enough. Although the facts may later prove at most that [D]efendants were merely negligent, discovery is necessary to help make this determination. Dismissing [P]laintiffs' punitive damages claim now at the pleading stage would be premature.

*Young v. Westfall*, Civ. No. 4:06-cv-2325, 2007 WL 675182, *2 (M.D. Pa. Mar. 1, 2007); *see also Hutchison*, 870 A.2d at 770. Therefore, the court concludes that Plaintiff may have a cognizable claim for punitive damages against Defendant Morris, and will deny Defendants' motion in this regard.

      Plaintiff has also pleaded sufficient facts to support her claim for punitive damages against Defendant Morris's employer, Defendant Port Reve. In the complaint, Plaintiff alleged that Defendant Port Reve was reckless in failing to adequately train, supervise, and instruct Defendant Morris to properly and safely operate a tractor trailer, and that Defendant Port Reve knowingly permitted Defendant Morris to operate its tractor trailer without adequate training. (Doc. 3-2, ¶ 18a-c.) Plaintiff further alleged that Defendant Port Reve failed to follow its own policies to appropriately limit the amount of hours and distances its drivers were allowed to be on the road, and failed to follow Department of Transportation safety regulations and procedures. (*Id.*, ¶ 18d-f.) The court finds that these allegations are sufficient to support a claim for punitive damages against Defendant Port Reve. Even if the court did not find these facts sufficient, however, the claim for punitive damages against Defendant Port Reve would still be viable because Pennsylvania law permits the imposition of punitive damages against an employer based solely on an employee's conduct, even where there is no direct evidence of misconduct by the employer. *Shiner v. Moriarty*, 706 A.2d 1228, 1240 (Pa. Super. Ct. 1998). Imposing punitive damages on an employer based strictly on the employee's conduct, however, requires that a plaintiff show that the employee's actions were clearly outrageous, occurred within the scope of his employment, and were done to further the employer's interests rather than to satisfy a personal motive of the employee.

*Arias*, 2008 WL 450435, *4 (citing *Delahanty v. First Pennsylvania Bank, N.A.*, 464 A.2d 1243, 1264-65 (Pa. Super. Ct. 1983)). Therefore, Plaintiff's claim for punitive damages against Defendant Port Reve will not be dismissed.

Because the court has found that Plaintiff's complaint alleges sufficient facts to support her allegations of reckless conduct and punitive damages, references in the complaint to "grossly reckless" conduct are not redundant, immaterial, impertinent, or scandalous, and do not prejudice Defendants or confuse the issues. *See Hanselman*, 2006 WL 47655, at *1. Therefore, the court will likewise deny Defendants' motion insofar as it seeks to have the court strike any references to such conduct pursuant to Rule 12(f).

### B. Punitive Damages Under Wrongful Death Act

Count III of the complaint seeks punitive damages and incorporates all prior paragraphs, including the claim brought pursuant to the Pennsylvania Wrongful Death Act. (*See generally* Doc. 3-2.) It is well-settled that punitive damages are not recoverable in wrongful death actions under Pennsylvania law. *Burke v. Glanton*, 2012 WL 6052020, *2 (M.D. Pa. Dec. 5, 2012); *Harvey v. Hassinger*, 461 A.2d 814, 817 (Pa. Super. Ct. 1983). Plaintiff concedes this point in her opposition brief. Because claims for punitive damages are precluded under Pennsylvania's Wrongful Death Act, Plaintiff's claim for punitive damages will be dismissed to the extent it is brought pursuant to this act.

### IV. Conclusion

In conclusion, the court finds that Plaintiff has sufficiently supported her allegations that Defendants acted recklessly, and such recklessness leaves open

10

the possibility of recovery of punitive damages in a survival action.  Therefore, the court will deny Defendants' motion to dismiss Plaintiff's claim for punitive damages pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court will likewise deny Defendants' motion to strike all references to "grossly reckless" conduct from the complaint.  However, the court will grant Defendants' motion insofar as Plaintiff seeks punitive damages pursuant to the Pennsylvania Wrongful Death Act.

      An appropriate order will issue.

                                    s/Sylvia H. Rambo
                                    United States District Judge

Dated:  July 6, 2015.